UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDEBERG,

                Plaintiff,

-against-

MICHELLE FRIEDEBERG,

                Defendant.

24-CV-8874 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff brought this action *pro se*. By order dated November 22, 2024, and entered on the docket on November 26, 2024, the Court transferred this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Connecticut. (ECF 4.) That court acknowledged receipt of the transferred action on December 13, 2024.[1] On December 23, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF 5),[2] and, on December 30, 2024, she filed a motion seeking to amend her complaint (ECF 6).[3] For the reasons set forth below, the Court lacks jurisdiction to consider Plaintiff's motions

## DISCUSSION

        The transfer of an action divests the transferor court of jurisdiction over that action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of the transferred action). The

---

[1] Under Local Civil Rule 83.1 of this court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

[2] Plaintiff's IFP application also included an IFP application for another of her actions pending in this court, *Friedeberg v. USA Today*, No. 24-CV-9106 (LTS). The Court has directed the Clerk of Court to file a copy of the IFP application in that action as well.

[3] Plaintiff's motions were entered on the docket on February 20, 2025.

transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this action on December 13, 2024. Plaintiff filed her application to proceed IFP on December 23, 2024, and her motion seeking to amend the complaint on December 30, 2024. Both submissions were filed after the transfer had already taken effect. The transfer of this action divested this Court of jurisdiction to act in this matter after receipt in the transferee court. The Court must therefore deny Plaintiff's application to proceed IFP and her motion to amend her complaint because the Court lacks jurisdiction to consider those submissions.

## CONCLUSION

Because the Court lacks jurisdiction to act in this matter, the Court denies Plaintiff's application to proceed IFP (ECF 5) and her motion to amend her complaint (ECF 6). This matter remains closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 21, 2025
         New York, New York

                                                                  /s/ Laura Taylor Swain
                                                                  LAURA TAYLOR SWAIN
                                        Chief United States District Judge